**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CRIMINAL ACTION NO. 0:26-CR-016-KKC-01**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**V.**                     **MEMORANDUM ADDRESSING**
                  **UNRESOLVED GUIDELINE OBJECTIONS**

**CODY GENE SPEARS**                                                **DEFENDANT**

\* \* \* \* \*

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objections to the Presentence Investigation Report ("PSR") that affect the guideline calculations. As discussed in more detail below, it is the position of the United States that the PSR has correctly calculated Spears's guideline range. As a result, Spears's objections should be overruled.

Spears raises several objections to his criminal history calculation; however, clearly available records and information document that Spears qualifies for career offender status, which sets his criminal history score and guideline range. Whether a defendant is classified as a career offender, is addressed in U.S.S.G. § 4B1.1, which states as follows:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a

crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1.  "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2.

Spears does not contest that on September 2, 2021, he was sentenced to five years of incarceration in connection with a conviction for trafficking in a controlled substance first degree, more than two grams of morphine or codeine.  [PSR Paragraph 27].  A copy of the judgment in Martin County Circuit Court Case Number 19-CR-44 is attached hereto as Exhibit 1.[1]  First degree trafficking in a controlled substance under Kentucky law is a controlled substance offense and career offender predicate under U.S.S.G. §§ 4B1.1 and 4B1.2.  *See United States v. Robinson*, No. 21-6217, 2022 WL 22991807, at *4 (6th Cir. Oct. 18, 2022).  As a result, the offense in PSR Paragraph 27 is a career offender predicate and Spears does not challenge that in his objections.

Therefore, if there is another qualifying controlled substance offense, the PSR has properly enhanced him as a career offender.  PSR Paragraph 29 provides just such an offense.  According to the PSR, on April 7, 2022, in Martin County Circuit Court Case

---

[1] To the extent Spears's objection to Paragraph 28 was designed to apply to Paragraph 27 as well, the attached Judgment at Exhibit 1 conclusively demonstrates that the PSR has accurately described the offenses in both Paragraphs 27 and 28 as having been trafficking offenses rather than possession offenses.

21-CR-09, Spears was sentenced to three years of prison for trafficking in a controlled substance, third degree (more than 120 dosage units of a Schedule III controlled substance) with a firearm enhancement.  [PSR Paragraph 29].  The PSR says that Spears received this conviction after having been found in possession of 244.1 grams of marijuana, 191 Xanax bars, $10,079.52 in United States currency, and 41 firearms.  [PSR Paragraph 29].  A copy of the Judgment in that case is attached hereto as Exhibit 2.  This is also a career offender predicate.  *See United States v. Poe*, No. CR 2:19-40-DLB-MAS-1, 2021 WL 1246950, at *5 (E.D. Ky. Feb. 26, 2021), report and recommendation adopted, No. CR 19-40-DLB-MAS, 2021 WL 1244303 (E.D. Ky. Apr. 2, 2021).  Spears does not appear to raise a legal objection to this conclusion.  Instead, he offers a factual explanation for why he pled guilty – that he had already served most of the sentence already on home detention and it was essentially a sentence of timed served.  Even if this were true, it would not disqualify the conviction from being a controlled substance offense under U.S.S.G. § 4B1.2.  This offense in Paragraph 29, when joined with the previously discussed offense in Paragraph 27, qualifies Spears for career offender status and a criminal history category VI.

Once Spears has qualified for career offender status, other challenges to his criminal history calculation, even if they were successful, would not change his criminal history category or his guideline range.  However, it is worth briefly noting that Spears's other criminal history objections are not meritorious.  First, Spears's assertion that the Paragraph 28 offense was a conviction for possession rather than trafficking is not supported by the records in that case. As set forth in the Judgement in Martin County

Circuit Court Case Number 19-CR-00045 (attached hereto as Exhibit 3), Spears was convicted of trafficking in a controlled substance, first degree – more than two grams of morphine / codeine. Thus, the PSR is correct and the objection to Paragraph 28.  In any event, Spears did not receive any criminal history points in connection with the offense in Paragraph 28.  Therefore, even if Spears were correct and even if he were not a career offender, the offense in Paragraph 28 would not affect Spears's guideline range.

Finally, in his objections, Spears argues that he should not receive two points for the conviction in PSR paragraph 30. Spears argues that he was convicted of a misdemeanor for which he received a 12-month sentence.  However, in making criminal history calculations, U.S.S.G. §4A1.1(b) directs the PSR to, "[a]dd 2 points for each prior sentence of imprisonment of at least sixty days not counted in subsection (a)."  This is true irrespective of whether a defendant was convicted of a felony or misdemeanor.  As reflected in the PSR, in Martin County Case Number 21-CR-106 (the Judgment in that case is attached hereto as Exhibit 4), Spears was convicted of facilitation to first degree trafficking in a controlled substance, trafficking more than eight ounces of marijuana, and third degree possession of a controlled substance.  In connection with these offenses, Spears was sentenced to twelve months of incarceration.  As this sentence exceeds six months, the PSR correctly scored this offense as contributing two points to Spears's criminal history calculation – although, once again, the application of the career offender designation means that those two points do not actually change the Spears's criminal history score.

For the above reasons, the United States Probation Office has correctly calculated Spears's guidelines found in the PSR. The Court should overrule the Defendant's objections and adopt the calculations of the PSR.

<div style="margin-left: 50%;">

Respectfully submitted,

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES
ATTORNEY

</div>

By:    s/ *Andrew H. Trimble*      .
        Assistant United States Attorney
        601 Meyers Baker Rd., Suite 200
        London, KY 40741
        (606) 330-4838
        Andrew.Trimble@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to all counsel of record.

<div style="margin-left: 50%;">

s/ *Andrew H. Trimble*
Assistant United States Attorney

</div>