COMMONWEALTH OF KENTUCKY
**MARTIN** CIRCUIT COURT
CRIMINAL DIVISION

ENTERED

MAR 25 2022

MARTIN CIRCUIT/DISTRICT COURT
DENISE M. GAUZE

INDICTMENT NO: 21-CR-00106

COMMONWEALTH OF KENTUCKY                                    PLAINTIFF

VS.

**CODY SPEARS**                                            DEFENDANT

### JUDGMENT AND SENTENCE ON A PLEA OF GUILTY

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

The Defendant at arraignment entered a plea of not guilty to the charges contained in the indictment of this case.

And on the **17th day of March, 2022**, defendant having appeared in open court with his/her attorney **Hon. Sidney Trivette**, by agreement with the attorney for the Commonwealth he/she withdrew his/her plea of not guilty and entered a plea of GUILTY.

Finding that the defendant understands the nature of the charges against him/her including the possible penalties, that the defendant knowingly and voluntarily waives his/her right to plead innocent, to be tried by a jury, to compel attendance of witnesses in his/her behalf, to confront and cross examine witnesses and to appeal his/her case to a higher court, and finding further that the defendant understands and voluntarily waives his/her right not to incriminate himself/herself, his/her right to be represented by an attorney at each stage of the proceedings against him/her and, if necessary, to have an attorney appointed to represent him/her and finding that the plea is voluntary, the Court accepts the Defendant's guilty plea to the charges to which Defendant entered a guilty plea.

On the **17th day of March, 2022**, the defendant appeared in open court with his attorney the **Hon. Sidney Trivette** and the court inquired of the defendant and his/her attorney whether they had any legal cause to show why judgment should not be pronounced, and afforded the defendant and his/her attorney the opportunity to make statements in the defendant's behalf and to present any information in mitigation of punishment, and the court having informed the defendant and his attorney of the factual contents and conclusions contained in the written report of the pre-sentence investigation prepared by the Division of Probation and Parole and provided defendant's attorney with a copy of the PSI although no the sources of confidential information, the defendant agreed with the factual contents of the PSI or agreed with the factual contents of the PSI as amended upon oral motion of the Defendant without objection of Commonwealth.

Having given due consideration to the PSI prepared by the Division of Probation and Parole, and to the nature and circumstance of the crime, and to the history, character and condition of the defendant, the Court finds:

( x )  that imprisonment is necessary for the protection of the public because:

( ) A. there is a likelihood that during a period of probation with an alternative sentencing plan or conditional discharge the defendant will commit a Class D or Class C Felony, or a substantial risk that the defendant will commit a Class B or Class A felony;

( ) B. the defendant is in the need of correctional treatment that can be provided most effectively by the defendant's commitment to a correctional institution.

( x ) C.      probation, probation with an alternative sentencing plan, or conditional discharge would unduly depreciate the seriousness of the defendant's crime.

( x ) D. the defendant is ineligible for probation, probation with an alternative sentencing plan, or conditional discharge because of the applicability of KRS 532.080, KRS 439.3401 or KRS 533.060.

No sufficient cause having been shown why judgment should not be pronounced, it is ADJUDGED BY THE COURT that the defendant is guilty of the following charges:

**Count 1 (amended): Facilitation to Trafficking in a Controlled Substance, 1st Degree, a class A misdemeanor.**

**Count 2: Trafficking in Marijuana, more than Eight (8) Ounces, a class A misdemeanor.**

**Count 3: Possession of a Controlled Substance, 3rd Degree, a class A misdemeanor.**

Defendant is sentenced to:

**Count 1 (amended): Twelve (12) months to serve.**

**Count 2: Twelve (12) months to serve.**

**Count 3: Twelve (12) months to serve.**

IT IS FURTHER ORDERED THAT the defendant's bond:

( x ) is released. If the bond was posted by the defendant, the bond shall be applied to the payment of the remaining fines and costs, with the remainder returned to the defendant.

IT IS FURTHER ORDERED THAT the Defendant shall pay:

( x ) Court Costs are WAIVED due to Defendant having been found to be a "poor person" under KRS 453.190(2).

( x ) It is further ORDERED that as this matter having been disposed of by way of final sentencing that any physical evidence held by the investigating law enforcement agency shall be disposed of as follows:

( x )    The following items shall be destroyed or otherwise disposed of following the procedures of the Law Enforcement Agency

1. Any drugs, paraphernalia, or other contraband.

( x )    The following items are forfeited to the Law Enforcement Agency pursuant to the terms of the plea agreement.

1.    Any money (**$1,800.00**), vehicles, firearms or other items seized as related to drug trafficking charges or acquired from the proceeds of drug trafficking.
Fifteen (15%) Percent of the forfeiture (**$270.00**) shall be forwarded directly to the Office of the Commonwealth's Attorney, P.O. Box 596, Paintsville, KY 41240 for the placement into the asset forfeiture fund of the Commonwealth's Attorney Office. The Law Enforcement Agency shall file with the Court a return showing that payment has been made within thirty (30) days of this ORDER.

( x )    Any items which are not the defendant's and which are not previously dealt with in this order held by Law Enforcement Agency of which the proper owners have been identified shall be returned to the owners and if it is not possible to determine proper ownership of the item then they shall be forfeited and/or destroyed by the agency.

It is further ORDERED that any warrants previously entered in this case are hereby withdrawn. Further it is ORDERED that any charges not disposed of in this Judgment and Sentence are hereby noted as DISMISSED WITHOUT PREJUDICE.

The Defendant has been advised of the amount of jail custody credit he has as of the time of sentencing and advised the Defendant may request in writing a review of the

calculation of custody time credit applied to his sentence or a review or explanation of the method used to calculate custody time credit for the sentences on which he is presently committed to the Department. To request a review, the offender shall mail the request to the Probation and Parole Office in the county in which the inmate was sentenced. The offender request shall include: (1) The subject matter for which the review is requested, (2) A brief statement of the matter to be reviewed, and (3) An explanation of the inmate's belief concerning the appropriate calculation of custody time credit. The District Supervisor, or designee, shall review the request and prepare a written response. Upon receipt of the written request from the inmate, the District Supervisor, or designee, shall review the offender's record prior to giving a response. The response shall include an explanation of the method of calculation of jail custody time credit, and whether or not the correct custody time credit has been applied to the sentence. This written response shall be issued within fifteen (15) working days of the receipt of the offender's request for review or explanation and shall be entered in the offender management system. If the Defendant feels that this ruling was in error they may appeal the written response concerning custody time credit to the Offender Information Services Branch, Attention: Custody Time Credit Appeal, PO Box 2400, Frankfort, KY 40602-2400. This appeal shall include an explanation of the method of calculation and application, and any statutes applied in the calculation. The OIS Branch's response on this appeal shall be issued within thirty (30) working days of the receipt of the offender's request for review.

So ORDERED this the _2ʸ_ day of _march_, 20_22_

_____
MARTIN Circuit Court Judge

Judgment entered and notice of entry served on the defendant by mailing a true copy to the following postage prepaid, on _3/25/22_.

1. **Hon. Sidney Trivette, P.O. Box 2744, Pikeville, KY 41502**
2. Office of the Commonwealth Attorney 24th Circuit, P.O. Box 596, Paintsville, KY 41240.
3. Office of Probation and Parole, P.O. Box 302, Paintsville, KY 41240
4. Big Sandy Regional Detention Center
5. Roederer Correctional Complex, P.O. Box 69, LaGrange, KY 40031-0069
6. **Martin County Sheriff's Office**

Dated: _3/25/22_.

_____
HON. Denise M. Gauze
MARTIN Circuit Court Clerk
By: _____, DC

NOTE TO CLERK:   If defendant is sentenced to death or confinement, give two certified copies of this judgment to the sheriff who delivers him to the institution, RCr 11.22